Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

BRODIE, J.
SCANLON, M.J.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 17-2260

-----------------------------------------------------------------X
ROSA PEREZ and MARIA MOROCHO, individually and on behalf of all others similarly situated,

                            Plaintiff,

-against-

B & B PARTY & EVENTS INC. , and BENJAMIN KLEINBART and ABRAHAM KLEINBART, as individuals,

                            Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **ROSA PEREZ and MARIA MOROCHO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiffs, **ROSA PEREZ and MARIA MOROCHO, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **B & B PARTY & EVENTS INC., and BENJAMIN KLEINBART and ABRAHAM KLEINBART, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at B & B PARTY & EVENTS INC. , located at 1231 59th Street, Brooklyn, New York 11219.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ROSA PEREZ residing at 7024 13th Avenue, Brooklyn, New York 11228, was employed by Defendants at B & B PARTY & EVENTS INC. from in or around July 2000 until in or around January 2017.
9. Plaintiff MARIA MOROCHO residing at 7024 13th Avenue, Brooklyn, New York 11228, was employed by Defendants at B & B PARTY & EVENTS INC. from in or around February 2016 until in or around March 2017.
10. Upon information and belief, Defendant, B & B PARTY & EVENTS INC., is a corporation organized under the laws of New York with a principal executive office 1231 59th Street, Brooklyn, New York 11219.
11. Upon information and belief, Defendant, B & B PARTY & EVENTS INC., is a corporation authorized to do business under the laws of New York.
12. Upon information and belief, Defendant ABRAHAM KLEINBART owns and/or operates B & B PARTY & EVENTS INC.
13. Upon information and belief, Defendant ABRAHAM KLEINBART is the Chairman of the Board of B & B PARTY & EVENTS INC.

14. Upon information and belief, Defendant ABRAHAM KLEINBART is the Chief Executive Officer of B & B PARTY & EVENTS INC.
15. Upon information and belief, Defendant ABRAHAM KLEINBART is an agent of B & B PARTY & EVENTS INC.
16. Upon information and belief, Defendant ABRAHAM KLEINBART has power over personnel decisions at B & B PARTY & EVENTS INC.
17. Upon information and belief, Defendant ABRAHAM KLEINBART has power over payroll decisions at B & B PARTY & EVENTS INC.
18. Defendant ABRAHAM KLEINBART has the power to hire and fire employees at B & B PARTY & EVENTS INC., establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant ABRAHAM KLEINBART was Plaintiffs' employer within the meaning of the FLSA and NYLL.
20. Upon information and belief, Defendant BENJAMIN KLEINBART owns and/or operates B & B PARTY & EVENTS INC.
21. Upon information and belief, Defendant BENJAMIN KLEINBART is the Chairman of the Board of B & B PARTY & EVENTS INC.
22. Upon information and belief, Defendant BENJAMIN KLEINBART is the Chief Executive Officer of B & B PARTY & EVENTS INC.
23. Upon information and belief, Defendant BENJAMIN KLEINBART is an agent of B & B PARTY & EVENTS INC.
24. Upon information and belief, Defendant BENJAMIN KLEINBART has power over personnel decisions at B & B PARTY & EVENTS INC.
25. Upon information and belief, Defendant BENJAMIN KLEINBART has power over payroll decisions at B & B PARTY & EVENTS INC.
26. Defendant BENJAMIN KLEINBART has the power to hire and fire employees at B & B PARTY & EVENTS INC., establish and pay their wages, set their work schedule, and maintains their employment records.
27. During all relevant times herein, Defendant BENJAMIN KLEINBART was Plaintiffs' employer within the meaning of the FLSA and NYLL.

28. On information and belief, B & B PARTY & EVENTS INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

29. Plaintiff ROSA PEREZ was employed by Defendants at B & B PARTY & EVENTS INC. from in or around July 2000 until in or around January 2017.
30. During Plaintiff ROSA PEREZ'S employment by Defendants at B & B PARTY & EVENTS INC., Plaintiff's primary duties were as a cleaner, deliverer, and assembler of chairs and performing other miscellaneous duties from in or around July 2000 until in or around January 2017.
31. Plaintiff ROSA PEREZ was paid by Defendants approximately $250.00 per week from in or around 2011 until in or around January 2017.
32. Plaintiff ROSA PEREZ worked approximately 60 (sixty) to 72 (seventy-two) hours or more per week at B & B PARTY & EVENTS INC. from in or around 2011 until in or around January 2017.
33. Defendants failed to pay Plaintiff ROSA PEREZ the legally prescribed minimum wage for her hours worked from in or around 2011 until in or around January 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
34. Although Plaintiff ROSA PEREZ worked approximately 60 (sixty) to 72 (seventy-two) hours or more per week from in or around 2011 until in or around January 2017, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
35. Plaintiff MARIA MOROCHO was employed by Defendants at B & B PARTY & EVENTS INC. from in or around February 2016 until in or around March 2017.

4

36. During Plaintiff MARIA MOROCHO'S employment by Defendants at B & B PARTY & EVENTS INC., Plaintiff's primary duties were as a cleaner, deliverer, and assembler of chairs and performing other miscellaneous duties from in or around February 2016 until in or around March 2017.
37. Plaintiff MARIA MOROCHO was paid by Defendants approximately $400.00 per week from in or around February 2016 until in or around March 2017.
38. Plaintiff MARIA MOROCHO worked approximately 60 (sixty) hours or more per week at B & B PARTY & EVENTS INC. from in or around February 2016 until in or around March 2017.
39. Defendants failed to pay Plaintiff MARIA MOROCHO the legally prescribed minimum wage for his hours worked from in or around February 2016 until in or around March 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
40. Although Plaintiff MARIA MOROCHO worked approximately 60 (sixty) hours or more per week from in or around January 2013 until in or around June 2015, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
41. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
42. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
43. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

45. Collective Class: All persons who are or have been employed by the Defendants as cleaner, deliverer, and assembler of chairs or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

46. Upon information and belief, Defendants employed between 15 and 20 employees within the past three years subjected to similar payment structures.

47. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

53. The claims of Plaintiffs are typical of the claims of the putative class.

54. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
57. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
58. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
60. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
62. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

66. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

69. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

70. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

72. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

73. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

74. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

77. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

78. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

79. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

80. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
83. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
85. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
86. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid minimum wages;
   c. Awarding Plaintiffs unpaid overtime wages;
   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiffs prejudgment and post-judgment interest;
   f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 30th day of March 2017.

_Roman Avshalumov_
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSA PEREZ and MARIA MOROCHO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

B & B PARTY & EVENTS INC., and BENJAMIN KLEINBART and ABRAHAM KLEINBART, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**B & B PARTY & EVENTS INC.**
**1231 59th STREET**
**BROOKLYN, NY 11219**

**BENJAMIN KLEINBART**
**1231 59th STREET**
**BROOKLYN, NY 11219**

**ABRAHAM KLEINBART**
**1231 59th STREET**
**BROOKLYN, NY 11219**