## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ROSA PEREZ and MARIA MOROCHO** (hereinafter referred to as "Plaintiffs") and **B & B PARTY & EVENTS INC., and BENJAMIN KLEINBART and ABRAHAM KLEINBART** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: 17-cv-2260 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS**, Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.   Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

A.   Defendants shall cause Plaintiffs to be paid the gross sum of sixty three thousand dollars ($63,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. On or before March 15, 2018, Defendants shall provide payment of twenty-one thousand dollars ($21,000.00), payable as follows:

a. One check in the amount of one seven thousand two hundred twenty-four dollars and forty-four cents ($7,224.44) payable to Helen F. Dalton & Associates, P.C., attorneys for Plaintiffs.

b. One check in the amount of eleven thousand six hundred sixty-six dollars and sixty-six cents ($11,666.66) payable to Rosa Perez.

c. One check in the amount of two thousand one hundred and eight dollars and ninety cents ($2,108.90) payable to Maria Morocho.

1

ii. On or before April 15, 2018, Defendants shall provide payment of twenty-one thousand dollars ($21,000.00), payable as follows:

    a. One check in the amount of one seven thousand two hundred twenty-four dollars and forty-four cents ($7,224.44) payable to Helen F. Dalton & Associates, P.C., attorneys for Plaintiffs.

    b. One check in the amount of eleven thousand six hundred sixty-six dollars and sixty-six cents ($11,666.66) payable to Rosa Perez.

    c. One check in the amount of two thousand one hundred and eight dollars and ninety cents ($2,108.90) payable to Maria Morocho.

iii. On or before May 15, 2018, Defendants shall provide payment of twenty-one thousand dollars ($21,000.00), payable as follows:

    a. One check in the amount of one seven thousand two hundred twenty-four dollars and forty-four cents ($7,224.44) payable to Helen F. Dalton & Associates, P.C., attorneys for Plaintiffs.

    b. One check in the amount of eleven thousand six hundred sixty-six dollars and sixty-six cents ($11,666.66) payable to Rosa Perez.

    c. One check in the amount of two thousand one hundred and eight dollars and ninety cents ($2,108.90) payable to Maria Morocho.

iv. Defendants will issue each Plaintiff a 1099 Form for the payments received and each Plaintiff will be responsible for their own tax obligations.

v. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 69-12 Austin St, Forest Hills, New York, 11375.

vi. In the event that the Settlement Agreement is not approved by The Court prior to the date of any payment in Paragraph 1A(i)-(iii), Defendants will hold the checks in escrow and send proof of checks to Plaintiffs' counsel via electronic mail at avshalumovr@yahoo.com. Upon Court approval of the Settlement Agreement, Defendants shall issue all payments previously due under this Agreement within seven (7) days of Court approval.

2. **Default and Acceleration:**

    a. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) days' written notice of the default to Defendants via electronic mail to Defendants' counsel via electronic mail at mkook@kooklaw.com. If Defendants do not cure the defect within ten (10) days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety. In the event that Plaintiffs enter a

default against Defendant, the default judgment shall survive any bankruptcy proceeding should Defendant file for bankruptcy.

b. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

c. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety.

3. **Stipulation of Dismissal**

Plaintiffs shall file a "Stipulation and Order of Dismissal With Prejudice" upon receipt of the first payment of $21,000.00 as specified in Paragraph 1(A)(i). Notwithstanding Plaintiff's filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

4. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 17-cv-2260**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

5. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

6. **Representations**

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 7. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all claims that did or could have arisen out of their employment with Defendants.

### 8. Mutual Non-Disparagement

a.  Plaintiffs agree that, at all times following the Effective Date of this Agreement, they shall not publish or communicate to any person or entity, or direct others to publish or communicate to any person or entity, any Disparaging Remarks concerning Defendants. Plaintiffs shall not be deemed to be in breach of this provision, however, by providing truthful testimony to any court or governmental agency. For purposes of the Agreement, the term "Disparaging Remarks" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral or electronic) that: (i) reflect adversely upon the affairs or practices of the person or entity being remarked or commented upon or (ii) impugn the character, honesty, integrity, morality, acumen or abilities of the person or entity being remarked or commented upon.

b.  Defendants agree that, at all times following the Effective Date, their officers, directors, and members shall not publish or communicate to any person or entity any Disparaging Remarks concerning Plaintiffs and shall not instruct or direct others to do so.

c.      Defendants agree that if any prospective employer of any Plaintiff shall contact Defendants for reference or recommendations, Defendants shall only confirm each Plaintiff's dates of employment and job title(s) held with Defendants.

### 9.     Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 10.    Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 11.    Jurisdiction

The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retain jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 12.    Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 13.    Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 14.    Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 15. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

*Rosa Perez*
**ROSA PEREZ**

Date: 3-13-18

*Maria Morocho*
**MARIA MOROCHO**

Date: 3-13-18

**DEFENDANTS:**

**B&B PARTY & EVENTS, INC.**

_____
**Benjamin Kleinbart, Agent Authorized to sign on B&B Party & Events, Inc.'s behalf**

Date:_____

_____
**Benjamin Kleinbart, as an individual**

Date:_____

6

15. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

_____
**ROSA PEREZ**

Date:_____


_____
**MARIA MOROCHO**

Date:_____


**DEFENDANTS:**

**B&B PARTY & EVENTS, INC.**

*/s/ Benjamin Kleinbart*
_____
Benjamin Kleinbart, Agent Authorized to sign on B&B Party & Events, Inc.'s behalf

Date:_____

*/s/ Benjamin Kleinbart*
_____
Benjamin Kleinbart, as an individual

Date:_____